N. Y., L. E. & W. R. R. Co., 95 N. Y. 568; Searles *v.* Man. R. Co., 101 Id. 661; Coolidge *v.* R., W. & O. R. Co., 52 Hun, 613; Field *v.* Railroad Co., 32 N. Y. 339; Webb *v.* Same, 49 Id. 420; Hart *v.* Hudson R. B. Co., 80 Id. 622; Hitchcock *v.* B. C. R. R. Co., 44 Hun, 627; Wiedmer *v.* N. Y. E. R. R. Co., 41 Id. 284; Hayes *v.* Forty-Second St., etc., Co., 97 N. Y. 259; Edwards *v.* N. Y. & H. R. Co., 99 Id. 245; Rollins *v.* Farley, 18 W. Dig. 136; Kœnigsheim v. Hamburg, etc., Co., 17 Id. 405.

Charles B. Linton, Respondent, *v.* The Unexcelled Fireworks Company, Appellant.

*Court of Appeals, October* 27, 1891.

1. *Contract. Reformation.*—A written contract, while it exists, controls as to all the terms expressed in it, though those terms differ from the prior oral agreement. If the difference was caused by mutual mistake, the contract should be reformed so as to express the true agreement.
2. *Same.*—Where one party mistook the terms, and the other mistakenly supposed that he had embodied in the writing the terms of the oral contract, when he had not done so, a mistake arises against which a court of equity has power to relieve.

Appeal from a judgment of the supreme court, general term, second department, reversing the judgment dismissing the complaint, giving plaintiff judgment for four and a half shares of stock, and affirming judgment against defendant's counterclaim.

*Leslie W. Russell*, for appellant.

*Wm. J. Gaynor*, for respondent.

Peckham, J.—The trial court found the original agreement between the parties was based upon the earnings of the thirty shares of stock instead of upon the dividends. It found the written contract was executed in January, 1886, and while the oral contract was in existence. That

written contract used the word " dividends," instead of " earnings." The plaintiff asked to have the written paper reformed so as to express the real agreement, and he alleged that the word " dividends " was used in the writing by mutual mistake. There was substantially no contradiction in the evidence as to the fact that the parties meant the written contract to embody the terms of the oral. The person who dictated the agreement to the stenographer employed by the defendants was not himself present when the oral agreement between the plaintiff and the then president of the defendant was made, and so he asked the plaintiff what the terms were under which he was employed by defendant. While not positive as to the reply of the plaintiff whether he used the word " earnings " or " dividends," as the importance of the distinction had not then appeared, he says he is of the impression that plaintiff used the word " dividends." At any rate that word appears in the written contract signed by both parties.

The learned judge dismissed the plaintiff's complaint, because he said there was no proof of a mutual mistake in the use of the word " dividends " in the written contract. The court also overruled the defendant's counterclaim on the ground that the payment of the twenty-two shares of stock, although an overpayment under the written contract, was yet a voluntary one and so could not be recovered back. Both parties appealed and the general term, on the plaintiff's appeal, reversed the judgment dismissing the complaint, and held the plaintiff entitled to recover the shares of stock claimed by him, and without reforming the written agreement gave judgment absolute in plaintiff's favor, decreeing that defendant should issue the four and a half further shares claimed by the plaintiff. The judgment against the counterclaim of the defendant was on defendant's appeal affirmed, with costs.

We think the general term erred in this disposition of the question. There was an original oral agreement between

the parties and the court finds that it provided for the issuing of the stock based upon earnings instead of dividends.

The written agreement was intended to embody the terms of the oral one. It is said that Mr. Johnson, who acted for the defendant and dictated the substance of the agreement to be written out, no doubt intended to embody the terms of the oral agreement, but only as he understood them, and that as he understood them to be dividends he has made no mistake on the part of defendant, and that hence there was no mutual error within the meaning of the law, and so the written agreement should not be reformed.

Having found that the terms of the oral agreement included the earnings of the company as distinguished from the dividends, and the parties really intending to put in writing the terms of such oral agreement, if Mr. Johnson placed the word " dividends " therein, supposing that such was one of the terms of the agreement, when in truth it was not, and if the plaintiff signed the same supposing that it actually embodied the terms of the oral contract, when in truth it did not, we think a case was made out for the reformation of the written contract. The mistake of Mr. Johnson was in regard to what were in reality the terms of the oral contract, and when he intended to embody those terms in the written contract, although he placed therein just what he intended to, if he in fact mistook those terms, and if the plaintiff mistakenly supposed he had embodied in the writing the terms of the oral contract when he had not, a mistake was made which a court of equity has power to relieve against. We do not, however, think that relief could be had by reference only to the original oral contract, and in spite of the terms of the subsequent written one, without reforming such written one so as to conform to the truth.

A written contract is always set out as the exponent of the oral understanding of the parties. While it exists as a full and legal agreement it must control as to all the terms

expressed in it, and when such terms differ from those of prior oral ones, the writing must control. It is necessary therefore to reform it so as to express the true agreement. In this case the learned judge refused to find that neither party understood the words used in the written agreement to mean differently than the words of the oral agreement. There is some confusion in the findings in the case, caused, as I think, by the views of the learned judge as to the rights of the parties, assuming that Mr. Reynolds meant to use the word " dividends " in the written agreement. In that event he thought plaintiff ought not to have the contract re-formed. Differing somewhat with those views of the case, and regarding the order and judgment of the general term as in any event erroneous, we have thought it best for all parties that there should be a new trial, and the whole case more fully presented to the court.

We think the judgments of the general and special terms should be reversed and a new trial granted, with costs to abide event.

All concur.

---

NOTE.

For reformation of instrument on the ground of mistake, see Avery v. Equitable L. Ass. Soc., 117 N. Y. 451; Bogardus v. N. Y. L. Ins. Co., 101 Id. 328; Uhlman v. Same, 109 Id. 421; Maher v. Hibernia Ins. Co., 67 Id. 283; Basserman v. Staten I. B. L. R. Co., 57 Supr. 521; Hirshbach v. Schmalz, 54 Hun, 637; Jackson v. Kinsey, 55 Id. 605; Jenkins v. Lefaiver, Id. 612; Sidway v. Sidway, 54 Id. 634; Kelsey v. McNair, 58 Id. 601; Devereux v. Sun Fire Office, 51 Id. 147; Goldsmith v. Union Mut. L. Ins. Co., 18 Abb. N. C. 325; Oakville v. Double P. T. Co., 105 N. Y. 658; Sutherland v. Bradner, 39 Hun, 134; Clute v. Knies, 102 N. Y. 377; Anderson v. Met. L. Ins. Co., 18 W. Dig. 192.